ORTIZ, VIUDA DE ELÍAS, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de compraventa.

No. 366.—Resuelto en junio 29, 1918.

TESTIGOS INSTRUMENTALES—OTORGANTES ANALFABETOS—SECCIÓN 14 DE LA LEY NOTARIAL.—En este caso en la cláusula de otorgamiento y firma de una escritura, el notario hizo constar:

"Así lo dijeron y firma el vendedor, no así la vendedora esposa ni tampoco la compradora porque manifestaron no saber, lo hace el esposo de la compradora Manuel Vicil y por los que no supieron lo hacen los testigos sin excepción legal según aseguran para serlo de este otorgamiento presente y vecinos Don José Delgado, Jr., así como también Don Juan Mas."

El registrador denegó la inscripción del documento, porque, en su opinión, a ruego y nombre de la compradora, que no sabe firmar, la verificó el esposo de la misma. *Se resolvió:* que si bien la redacción de la cláusula transcrita deja mucho que desear en materia de claridad, del contexto de la escritura y del pie de la misma aparece claro que la escritura fué firmada por el vendedor así como por el esposo de la compradora y que ni la esposa de aquél ni la compradora firmaron por no saber hacerlo, habiéndolo verificado a sus ruegos los testigos instrumentales.

En su alegato, y no en la nota denegatoria, el registrador hace constar un nuevo motivo para sostener esta última, consistente en que la sección 14 de la Ley Notarial exige que el testigo que firma por un otorgante anal-

fabeta, debe hacerlo ''escribiendo de su puño, en antefirma, que lo hace por sí como testigo y a *nombre* del otorgante que no sepa o no pueda verificarlo.'' En este caso el testigo escribió: ''A ruego de Doña Alejandrina Pomales como testigo Juan Mas.''

*Se resolvió:* que aunque el tribunal no está obligado a considerar fundamentos que no aparezcan en la nota, sin embargo, dicho nuevo fundamento nos parece muy trivial y demasiado técnico, pues la compradora estará siempre impedida (*estopped*) de negar el que haya autorizado al testigo a firmar a *nombre* suyo.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Luis Capó.*

El registrador, Sr. Pedro Gómez Lasserre, compareció por escrito.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Por escritura pública otorgada ante el notario Luis Capó Matres en 28 de julio de 1917, los esposos don Mariano Pomales y doña Asunción Merced vendieron una finca de seis cuerdas, cincuenta céntimos de otra radicada en el barrio Palmas del Municipio de Guayama, a doña Alejandrina Pomales Vázquez, a la sazón casada con don Manuel Vicil. En la citada escritura se hace constar que la compradora adquiere la finca con dinero de su privativo peculio y que le pertenece, por tanto, exclusivamente, con cuya manifestación está conforme el esposo de la compradora, queriendo que con el carácter de bien privativo se inscriba en el registro de la propiedad.

En la cláusula de otorgamiento y firma el notario hace constar lo que sigue:

''Así lo dijeron y firma el vendedor no así la vendedora esposa ni tampoco la compradora porque manifestaron no saber, lo hace el esposo de la compradora Manuel Vicil y por los que no supieron lo hacen los testigos sin excepción legal según aseguraran para serlo de este otorgamiento presente y vecinos don José Delgado, Jr., así como también don Juan Más.''

Por otra escritura otorgada ante el propio notario en 4 de marzo de 1918 los esposos don Manuel Vicil y doña Alejandrina Pomales hipotecan la propia finca a que se contrae

la escritura anteriormente reseñada a favor de la recurrente doña Esperanza Ortiz, viuda de Elías.

El registrador denegó la inscripción de la primera escritura por estimar que la misma es nula porque, según la interpretación que quiere darle a la cláusula de otorgamiento y firma que se ha transcrito, doña Alejandrina Pomales Vázquez, la compradora no sabe firmar y a su ruego y nombre lo verifica su esposo don Manuel Vicil.

Si la interpretación que ha dado el registrador a la cláusula antes referida fuere correcta, indiscutiblemente que su nota denegatoria estaría bien fundada; pero de un examen de dicha cláusula y del pie de la propia escritura fácilmente se ve que la interpretación que pretende darle el registrador a esa cláusula es demasiado técnica. No negamos que la redacción de esa cláusula deja mucho que desear y que aparentemente es ambigua, pero si nos fijamos en el contexto de la escritura y especialmente en el pie de la misma, aparece claro que la escritura fué firmada por el vendedor Mariano Pomales y el esposo de la compradora Manuel Vicil, y que ni la esposa del vendedor, doña Asunción Merced, ni la propia compradora doña Alejandrina Pomales firmaron por no saber firmar, y que a su ruego lo han verificado los testigos instrumentales.

Ahora bien, el registrador en su alegato hace constar un nuevo motivo para justificar su nota denegatoria, observando que la sección 14 de la Ley Notarial exige que el testigo que firma por un otorgante que no sabe firmar debe hacerlo "escribiendo de su puño, en ante firma, que lo hace por sí como testigo, y a *nombre* del otorgante que no sepa o no pueda verificarlo"; y puesto que en este caso lo escrito por el testigo Juan Más aparece así: "A *ruego* de doña Alejandrina Pomales como testigo Juan Más," y no en la forma que estima correcta el registrador, o sea: "Por mí como testigo, y a *nombre* de doña Alejandrina Pomales, Juan Más," alega el registrador haberse infringido la citada sección de la Ley Notarial. De acuerdo con una regla de todos muy

conocida tenemos que limitarnos a resolver las objeciones o motivos apuntados por el registrador en su nota denegatoria y no estamos obligados a entrar a considerar otros funda mentos que no aparezcan de dicha nota; sin embargo, si bien se examina el nuevo motivo que señala el registrador en su alegato, pero que no aparece de su nota al pie del documento, dicho motivo nos parece muy trivial y demasiado técnico, pues la compradora estará siempre impedida (*estopped*) de negar el que haya autorizado al testigo a firmar a *nombre* suyo.

Por todas las razones expuestas somos de opinión que se ha cumplido sustancialmente y que por tanto no se ha infringido la sección 14 de la Ley Notarial, y que los motivos que tuvo el registrador para denegar la inscripción de la escritura de venta carecen de fundamento.

Al denegar la inscripción de la citada escritura de venta, el registrador tomó anotación preventiva por 120 días consignando los defectos subsanables de no expresar la equivalencia de la cabida de la finca en el sistema métrico decimal y de no acreditarse que el dinero con que se compró la misma sea privativo de la adquirente.

Estimamos que el registrador no tenía necesidad de hacer constar esos defectos subsanables una vez que denegó la inscripción. Sin embargo, puesto que la escritura es inscribible por no infringir la misma sección 14 de la Ley Notarial, el registrador podrá al hacer la inscripción de esa escritura de venta consignar los defectos apuntados porque los mismos están bien establecidos. Véase el artículo 6 de la Instrucción General sobre la manera de redactar los documentos públicos sujetos a registro en las provincias de Ultramar, aprobada por Real Orden de 13 de agosto de 1893 (Morell, p. 344), y el artículo 9 de la Ley Hipotecaria; y también el caso de *Felíu* v. *El Registrador,* 16 D. P. R. 766.

Siendo inscribible la escritura de venta y dependiendo de ella la calificación de la escritura de hipoteca, motivo directo de este recurso, estimamos que también es inscribible la escri-

tura de hipoteca, puesto que en la misma aparecen hipotecando ambos esposos.

Se revocan las notas recurridas y se ordena la inscripción de ambas escrituras en la forma indicada.

> *Revocadas las notas recurridas y ordenándose la inscripción de ambas escrituras en la forma indicada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.